[No. 8109–8–I. Division One. May 11, 1981.]

WESTERN WASHINGTON LABORERS–EMPLOYERS HEALTH & SECURITY TRUST FUND, ET AL, *Respondents,* v. GARY MERLINO, ET AL, *Appellants.*

*Martin Godsil,* for appellants.

*Donaldson & Kiel, P.S., Richard Donaldson,* and *David Wolds,* for respondents.

JAMES, C.J.—Defendant Gary Merlino Construction Company (Employer) appeals a judgment in favor of plaintiff Western Washington Laborers–Employers Health & Security Trust Fund (Trust) for contributions allegedly owed to Trust on behalf of Employer's employees. We reverse.

Employer is a partnership engaged in the construction business. Its work entails public construction projects including streets, roadways, curbs, gutters, and side sewers, as well as residential construction and landscaping. Employer also operates a yard and shop where its construction equipment is maintained and repaired.

Employer has signed "compliance agreements" by which Employer has accepted the terms of the area–wide collective bargaining agreements between the Associated General Contractors of America, Inc., and the Western Washington and Northern Idaho District Council of Laborers. Employer thereby agreed to make contributions to Trust as provided by the area–wide agreements.

The terms of the pertinent collective bargaining agreements vary somewhat, but these differences are not material to our disposition of the case. All collective bargaining agreements required Employer to contribute specified amounts to Trust for "each compensable man hour of Laborers employed by such employers in work contained under the terms of this Agreement." Exhibits 3, 4, 5. Article 2 of the collective bargaining agreement for the years 1971–74, "WORK AND TERRITORY AFFECTED," is typical of the agreements and provides:

2.1 This Agreement shall cover all Building, Heavy and Highway Construction in [specified] counties of the

State: . . .

2.2 Definition: Heavy, highway and engineering projects are herewith defined as follows: Construction of railroads, street railways, roads, highways, streets, alleys, public sidewalks, curbs and gutters, airports, bridges, overpasses, underpasses, grade separations, grade crossings, track elevations, elevated highways, sewers, watermains, sanitation projects, irrigation projects, flood control projects, reclamation projects, reservoirs, dams, dikes, levees, revetments, channels, aquaducts, channel cutoffs, jetties, breakwaters, harbor developments, dock[s], dry docks, piers, abutments, retaining walls, transmission lines, duct lines, subways, shafts, tunnels, excavation of earth and rocks and all other work of similar nature.

The term building shall mean a building structure, including modifications thereof, or additions or repairs thereto, intended for use for shelter protection, comfort, convenience.

Exhibit 3.

In September 1978, Trust sued Employer for alleged unpaid contributions on behalf of certain employees. No detailed records pertaining to employee job functions were introduced, and the trial judge determined Employer's liability for contributions on the basis of a "community of interest" test frequently applied in bargaining unit determinations. The trial judge found Employer failed to make contributions on behalf of 20

employees of the Employer [who] shared a substantial community of interest with laborer employees, [and] are considered to be within the laborers' bargaining unit during the period of July, 1972 through April, 1978, . . .

Finding of fact No. 6. Trust was awarded $21,539 for unpaid contributions on behalf of these 20 employees plus liquidated damages, interest, costs, and attorney's fees as provided by the parties' agreements.

Employer argues Trust failed to meet its burden of proving that the disputed employees were employed in work covered by the terms of the collective bargaining agreement for the disputed periods. Employer contends its liability for

contributions is determined solely on the basis of contract language and that the trial judge erroneously applied a "community of interest" test to decide the question. We agree that the trial judge erred in applying the "community of interest" test.

 Trust is a joint labor–management trust created. pursuant to the Labor Management Relations Act of 1947, 29 U.S.C. § 186. As stated in *Rockey v. Western Conference of Teamsters Pension Trust,* 23 Wn. App. 248, 252, 595 P.2d 557 (1979), the provision of the act which authorizes joint labor–management trusts "represents a narrow exception to the act's general prohibitions against any payment by an employer to an employee representative." (Footnote omitted.)[1] Contributions to a trust fund are lawful only when "the detailed basis on which such payments are to be made is specified in a written agreement with the employer, . . ." 29 U.S.C. § 186(c)(5)(B). Thus, an employer's obligation to make contributions to such trust funds is determined solely by the language of the written agreement between the employer and the employee representative. *Rockey v. Western Conference of Teamsters Pension Trust, supra.*

 Trust contends its burden of presenting evidence of employee job functions was met by establishing a "community of interest" between the disputed employees and the employees for whom Employer was clearly obligated to make contributions. We do not consider this an appropriate

---

[1]The provisions of 29 U.S.C. § 186(a), (b) generally forbidding such payments provide:

"It shall be unlawful for any employer or association of employers . . . to pay, lend, or deliver, any money or other thing of value—

"(1) to any representative of any of his employees who are employed in an industry affecting commerce; or

"(2) to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce; . . .

" . . .

"(1) It shall be unlawful for any person to request, demand, receive, or accept, or agree to receive or accept, any payment, loan, or delivery of any money or other thing of value prohibited by subsection (a) of this section."

characterization of Trust's burden. Because employer contributions unauthorized by the parties' agreement are unlawful, 29 U.S.C. § 186(a), (c)(5), Trust's proof must conform to the specific terms of the agreement. This is consistent with the general contract principle that a party seeking to recover on a written contract bears the burden of establishing a right to recover within the contract terms. *Collins v. Northwest Cas. Co.,* 180 Wash. 347, 39 P.2d 986, 97 A.L.R. 1235 (1935).

The "community of interest" test applied by the trial judge is commonly employed in determining if particular employees should be placed in or excluded from a specific bargaining unit. *E.g., Pacific Southwest Airlines v. NLRB,* 587 F.2d 1032 (9th Cir. 1978). Among other factors, the National Labor Relations Board and the courts consider (1) the similarity in skills, interests, duties, and working conditions, (2) functional integration of the plant, including the interchange and contact among employees, and (3) the employer's organizational and supervisory structure. *Pacific Southwest Airlines v. NLRB, supra.* We do not doubt the efficacy of this test in the resolution of bargaining unit disputes. But the contracts before us do not require contributions on behalf of an employee merely because he is or could be found to be a member of the bargaining unit. Rather, the contract requires contributions for employees engaged in specific types of work. No case was cited nor have we found any in which the "community of interest" test was applied to determine if contributions were owed to a joint labor–management trust on behalf of disputed employees. We conclude the trial judge erred in applying the "community of interest" test to determine Employer's liability for any contributions owed to Trust.

The agreement covers "Building, Heavy and Highway Construction" as exhaustively defined by the contracts. The pre–1977 agreements do not include any language that might apply to employees engaged in maintenance and repair work and preparation of project materials at Employer's yard. The pre–1977 agreements do not include

any language that might apply to landscapers.[2] Consequently, there are at least two categories of work, significant to Employer's operations, for which Employer was not required to make contributions under the agreements. Gary Merlino also testified that employees were shifted among different jobsites and the repair yards, depending upon the labor requirements of Employer's various projects at that time. The effect of such job transfers is that an individual employee might sometimes be employed in work covered by the agreements and at other times be employed in work to which the pre–1977 agreements did not apply.

The contracts require Employer to contribute a sum for "each compensable man hour of Laborers employed by such employers in work contained under the terms of this Agreement." Exhibits 3, 4, 5. The clear import of this language is that Trust is entitled to contributions only on behalf of employees for those hours worked by those employees in "covered work" as defined by the contracts.[3]

Because the trial judge applied an incorrect legal test to determine Employer's liability for contributions, the judgment must be reversed. We remand for determination of whether the 20 employees were engaged in work covered by the "work affected" terms of the contracts for the periods for which Trust claims contributions are owing. The trial judge may consider both direct and circumstantial evidence relevant to the work performed by these employees. Should the trial judge conclude that Trust is entitled to contribu-

---

[2]A King County Superior Court construed the pre–1977 agreements in Western Washington Laborers–Employers Health and Security Trust Fund v. Wayne, King County cause No. 833473 (Oct. 23, 1978), and ruled that employers were not required to make contributions on behalf of employees engaged in landscaping.

[3]Unlike the collective bargaining agreement discussed in *Pio v. Kelly*, 275 Or. 585, 600 n.21, 552 P.2d 1301 (1976), this agreement does not define covered employees as those performing "'one or more hours of work of the type covered by the Collective Bargaining Agreement" or otherwise expressly require the employer to contribute for hours not spent in covered work. A contrary interpretation of the language in the contract before us would require Employer to contribute for all hours worked by an employee during the term of the agreement, even if only 1 hour was worked in covered employment.

tions on their behalf, he will enter specific findings of fact with respect to each employee so found. Upon remand, the trial judge will also reconsider the award of trial attorney fees, liquidated damages, and interest in light of the parties' agreement and the findings entered upon remand.

Trust has requested attorney's fees on appeal as provided by the agreements. Trust cites no provision of the agreements authorizing an award of attorney's fees to a nonprevailing party. The request is denied.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

ANDERSEN and CORBETT, JJ., concur.